IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| CENTRAL LABORERS' PENSION FUND, NORTH CENTRAL ILLINOIS LABORERS' WELFARE FUND, NORTHERN ILLINOIS LABORERS' WELFARE FUND, CENTRAL LABORERS' ANNUITY FUND, ILLINOIS LABORERS' & CONTRACTORS' JOINT APPRENTICESHIP TRAINING FUND, NORTH CENTRAL ILLINOIS LABORERS'-EMPLOYERS' EDUCATION TRUST FUND, NORTH CENTRAL MARKET PRESERVATION FUND, MIDWEST REGION FOUNDATION FOR FAIR CONTRACTING, LABORERS' OF ILLINOIS VACATION FUND, LABORERS' LOCAL #751 | |
| Plaintiffs, | |
| v. | Case No.  22-2208 |
| EC OF KANKAKEE COUNTY, INC. | |
| Defendant. | |

## COMPLAINT

NOW COME Plaintiffs, CENTRAL LABORERS' PENSION FUND, *et al.*, by and through their attorneys, Cavanagh & O'Hara LLP, complaining of the Defendant, EC OF KANKAKEE COUNTY, INC., and allege as follows:

1.　This action is brought and maintained in accordance with the provisions of the Labor Management Relations Act, as amended, 29 U.S.C. 185(a), and the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1001 *et seq.*, as amended, in particular 29 U.S.C. §1145 (Section 515 of ERISA), and is a civil action to recover employer contributions and other amounts owed to Plaintiffs.

2. The Plaintiff, CENTRAL LABORERS' PENSION FUND *et al.*, is an employee benefit plan administered pursuant to the terms and provisions of the Agreements and Declarations of Trust creating said Funds and is required to be maintained and administered in accordance with the provisions of the Labor Management Relations Act of 1947, and the Employee Retirement Income Security Act of 1947 (as amended), 29 U.S.C. §1001 *et seq*. The Plaintiff, Central Laborers' Pension Fund, is the collection agent for, and authorized to act on behalf, of the other named Plaintiffs—which are either employee benefit funds, labor organizations, and/or funds established pursuant to collective bargaining agreements between Laborers' International Union of North America ("Union") and certain employer associations whose employees are covered by the collective bargaining agreements with the Union—to collect employer contributions and other amounts owed to Plaintiffs.

3. Plaintiffs, Central Laborers' Pension Fund, North Central Illinois Laborers' Welfare Fund, Northern Illinois Laborers' Welfare Fund, Central Laborers' Annuity Fund, and Illinois Laborers & Contractors Joint Apprenticeship Training Fund, receive contributions from numerous employers, and therefore, are multiemployer plans. (*See*, 29 U.S.C. §1002).

4. Federal District Courts have exclusive jurisdiction under ERISA over civil actions like the present action. (*See*, 29 U.S.C. §1132).

5. Venue is proper in this action in a federal district court where the breach took place, where a defendant resides or may be found, or where the plan is administered. (*See* 29 U.S.C. §1132(e)(2)).

6. Plaintiff, Central Laborers' Pension Fund, is administered in Morgan County, Illinois at the address of 201 N. Main Street, Jacksonville, Illinois 62651.

7. Defendant's place of business and address is 1501 Sir Lancelot Dr., Bourbonnais, Illinois 60914, which is located within the Urbana Division of the Central District of Illinois.

8. Defendant is an Employer engaged in an industry within the meaning of ERISA, 29 U.S.C. 1002 (5), (11), (12), and (14).

9. Defendant signed a Memorandum of Agreement on July 1, 2014. A copy of the Memorandum of Agreement is attached hereto and incorporated herein as **Exhibit A**.

10. The Memorandum of Agreement bound Defendant to multiple collective bargaining agreements within the jurisdiction of the Great Plains Laborers' District Council during the period of July 1, 2014 through current.

11. Defendant never terminated the Memorandum of Agreement.

12. By signing the Memorandum of Agreement, Defendant is bound to the Articles of Agreement Covering Building Construction within the jurisdiction of Laborers' Local Union #751. A copy of the signed collective bargaining agreement is attached hereto and incorporated herein as **Exhibit B**.

13. Defendant was and is currently bound to Exhibit B.

14. Defendant never terminated Exhibit B.

15. Defendant is also bound to the successor Articles of Agreement Covering Building Construction within the jurisdiction of Laborers' Local Union #751. A copy of the successor collective bargaining agreements are attached hereto and incorporated herein as **Exhibits C**.

16. Defendant was and is currently bound to Exhibit C.

17. Defendant never terminated Exhibits C.

18.     Pursuant to ERISA, 29 U.S.C. §1145, Defendant is required to make contributions to Plaintiffs in accordance with the terms and conditions of the Memorandum of Agreement, the Articles of Agreements Covering Building Construction Within the Jurisdiction of Laborers' Local Union #751, and Plaintiffs' Trust Documents.  Plaintiffs' Trust Documents, in pertinent part, are attached hereto and incorporated herein as **Exhibits D, E, F, and G**.

19.     Defendant employed individuals who are participants in Plaintiffs' employee benefit funds pursuant to the Memorandum of Agreement and the Articles of Agreements (hereinafter collectively referred to as "Agreements").

20.     Defendant employed individuals who performed work within the geographical jurisdiction of Plaintiffs, and said individuals performed hours of covered work for which contributions and other amounts are owed to Plaintiffs.

21.     Defendant failed to properly and timely pay contributions and other amounts for all hours of covered work performed by Defendant's employees.

22.     Defendant breached the Agreements by failing to properly and timely remit fringe benefit contributions and other amounts to Plaintiffs. (*See*, Exhibits A, B, and C).

23.     Defendant violated Plaintiffs' Trust Documents by failing to properly and timely remit fringe benefit contributions and other amounts to Plaintiffs. (*See*, Exhibits D, E, F, and G).

24.     Pursuant to the Agreements and Plaintiffs' Trust Documents, Plaintiffs are authorized and empowered to examine the payroll books and records of Defendant to determine whether the employer remitted the required payments.

25.     Plaintiffs conducted a fringe benefit/payroll compliance audit of Defendant covering the period of August 1, 2015 through March 31, 2020, which identified certain and determinable amounts owed by Defendant.  The audit report is attached hereto as **Exhibit H.**

26. Based upon the audit report, Plaintiffs have determined that Defendant owes Plaintiffs delinquent contributions and check-offs in the amount of $58,060.74. (*See,* Exhibit H)

27. Pursuant to the Plaintiffs' Trust Documents and 29 U.S.C. §1145, Plaintiffs have assessed liquidated damages in the amount of 10% of the amounts owed. (*See*, Exhibits D, E, F, and G).

28. Defendant owes Plaintiffs $5,806.07 in liquidated damages.

29. Pursuant to the Plaintiffs' Trust Documents, the Employer is responsible for the audit costs. (*See,* Exhibits D, E, F, and G).

30. Defendant owes Plaintiffs $2,089.75 in audit costs.

31. Based on the foregoing, Defendant owes Plaintiffs $65,956.56 consisting of delinquent contributions, check-offs, liquidated damages, and audit costs.

32. A breakdown showing the known amount owed is attached hereto and incorporated herein as **Exhibit I**.

33. Pursuant to the terms of the Memorandum of Agreement and Plaintiffs' Trust Documents, Defendant is liable for reasonable attorneys' fees, court costs, and all other reasonable expenses, such as audit costs, incurred by Plaintiffs in the collection of the amounts owed.

34. Pursuant to §1132(g)(2) of ERISA, if judgment is entered in favor of the Plaintiffs in this matter, the Court shall award Plaintiffs certain relief, including interest, liquidated damages or double interest, and attorneys' fees.  More specifically, §1132(g)(2) of ERISA provides as follows:

> (g) Attorney's fees and costs; awards in actions involving delinquent contributions
>
> \* \* \*

      **(2)**    In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan –

          **(A)**    the unpaid contributions,

          **(B)**    interest on the unpaid contributions,

          **(C)**    an amount equal to the greater of –

                **(i)**    interest on the unpaid contributions, or
                **(ii)**    liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

          **(D)**    reasonable attorney's fees and costs of the action, to be paid by the defendant, and

          **(E)**    such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of title 26. (*See*, §1132(g)(2) of ERISA).

WHEREFORE, Plaintiffs pray as follows:

A.    That judgment be entered in favor of the Plaintiffs and against Defendant for all such monies found to be due—including delinquent contributions, check-offs, liquidated damages, interest, audit costs, attorney fees, court costs, and all applicable statutory remedies pursuant to 29 U.S.C. §1132(g)(2) for the period of August 1, 2015 through March 31, 2020—at the time Judgment is rendered;

B. Specifically, that Defendant is decreed to pay to Plaintiffs $65,956.56 in fringe benefit contributions, check-offs, liquidated damages, and audit costs, plus any other amounts found to be owing at the time judgment is entered;

C. That Defendant be decreed to pay Plaintiffs their reasonable attorney fees and costs as provided by ERISA, 29 U.S.C. §1132(g)(2), the Memorandum of Agreement, and Plaintiffs' Trust Agreements;

D. That Defendant be decreed to pay all costs attendant to these proceedings; and

E. That Plaintiffs be awarded such other and further relief as the Court deems just and equitable, all at Defendant's costs.

        CENTRAL LABORERS' PENSION FUND, *et al.*,
        Plaintiffs,

By:    s/ Timothy J. Shrake II
      TIMOTHY J. SHRAKE II
      **CAVANAGH & O'HARA LLP**
      2319 W. Jefferson Street
      Springfield, IL 62702
      Telephone: (217) 544-1771
      Fax: (217) 544-9894
      timshrake@cavanagh-ohara.com